IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| RA'ANN MICHELLE COLEMAN,<br><br>　　　　Movant,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Respondent. | CASE NO.: 2:22-cr-15 |

## REPORT AND RECOMMENDATION

Respondent filed a Motion to Dismiss Movant's 28 U.S.C. § 2255 Motion, and Movant Ra'Ann Coleman ("Coleman") has failed to respond to the Motion to Dismiss or to follow this Court's Orders.  Docs. 80, 83, 85.  For the following reasons, I **RECOMMEND** the Court **GRANT as unopposed** Respondent's Motion to Dismiss, **DISMISS without prejudice** Coleman's 28 U.S.C. § 2255 Motion for failure to respond to the Motion to Dismiss and to follow this Court's Orders, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Coleman leave to appeal *in forma pauperis* and a Certificate of Appealability.

## BACKGROUND

Coleman filed a 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct her Sentence. Doc. 69.  The Court ordered Respondent to file any desired response to Coleman's Motion, and Respondent filed a Motion to Dismiss, asserting the Court should dismiss Coleman's § 2255 Motion because Coleman's claims are without merit and are otherwise procedurally barred. Doc. 80.  The Court advised Coleman Respondent had filed a Motion to Dismiss and also

advised her she had 14 days to file any desired response.  Doc. 83.  The Court forewarned Coleman her failure to respond to the Motion to Dismiss could result in the granting of the Motion to Dismiss as unopposed and the Court deeming Coleman as having failed to follow a Court Order.  Id.  Coleman moved for an extension of time to file a response, which the Court granted in part on March 12, 2024, and allowed Coleman until April 2, 2024, to file a response.  Docs. 84, 85.  The Court again warned Coleman her failure to respond would result in the dismissal of her § 2255 motion.  Doc. 85 at 2.  There is nothing before the Court indicating the Motion to Dismiss or the Court's Orders failed to reach Coleman.  Coleman has had ample opportunity to respond to the Motion to Dismiss, and this extended time has elapsed with no response, indicating no objection.  Local R. 7.5 (providing 14 days to respond to a motion and warning "[f]ailure to respond within the applicable time period shall indicate . . . there is no opposition to a motion.").[1]

## DISCUSSION

The Court must now determine how to address Coleman's failure to comply with this Court's Orders and to respond to the Motion to Dismiss.  For the reasons set forth below, I **RECOMMEND** the Court **GRANT as unopposed** Respondent's Motion to Dismiss and **DISMISS without prejudice** Coleman's § 2255 Motion.  I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Coleman leave to appeal *in forma pauperis* and a Certificate of Appealability.

---

[1] Coleman submitted a "letter" on March 21, 2024, but the contents of this letter and the attachments are not related to Coleman's § 2255 motion and are not otherwise responsive to the Motion to Dismiss.  Doc. 86.  To the extent Coleman's filing contains a motion to amend and to appoint counsel, those requests are not related to her § 2255 motion.  The requests may, however, concern Coleman's pending motion for compassionate release.  Doc. 64.

2

I.  **Dismissal for Failure to Follow This Court's Orders**

A district court may dismiss a movant's claims for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) and the court's inherent authority to manage its docket.[2] Link v. Wabash R.R. Co., 370 U.S. 626 (1962);[3] Coleman v. St. Lucie Cnty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)).  In particular, Rule 41(b) allows for the involuntary dismissal of a movant's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order.  Fed. R. Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience or neglect of any order of the Court." (emphasis omitted)).  Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits."  Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

It is true dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires a court to "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would

---

[2]  Pursuant to Rule 12 of the Rules Governing Section 2255 Cases, the Federal Rules of Civil Procedure may apply to a § 2255 motion, to the extent the Civil Rules are not inconsistent with the § 2255 Rules.

[3]  In Wabash, the Court held a trial court may dismiss an action for failure to prosecute "even without afforded notice of its intention to do so."  370 U.S. at 633.  However, in this case, Coleman was advised of the consequences of failing to respond to the Motion to Dismiss.  Docs. 83, 85; Local R. 7.5.

3

not suffice." Thomas v. Montgomery Cnty. Bd. of Educ., 170 F. App'x 623, 625–26 (11th Cir. 2006) (quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (citing Morewitz, 62 F.3d at 1366). By contrast, dismissal *without* prejudice for failure to prosecute is not an adjudication on the merits, and, therefore, courts are afforded greater discretion in dismissing claims in this manner. Taylor, 251 F. App'x at 619; see also Coleman, 433 F. App'x at 719; Brown, 205 F. App'x at 802–03.

While the Court exercises its discretion to dismiss cases with caution, dismissal of this action without prejudice is warranted. See Coleman, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute, where plaintiff did not respond to court order to supply defendant's current address for purpose of service); Brown, 205 F. App'x at 802–03 (upholding dismissal without prejudice for failure to prosecute, where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff non-compliance could lead to dismissal).

Coleman failed to respond to the Motion to Dismiss or comply with this Court's Orders. Docs. 80, 83, 85. Thus, the Court should **DISMISS without prejudice** Coleman's § 2255 Motion. Doc. 69.

II.   **Leave to Appeal *in Forma Pauperis* and Certificate of Appealability**

The Court should also deny Coleman leave to appeal *in forma pauperis*. Though Coleman has not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (noting trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed"). An appeal cannot be taken *in forma pauperis* if the trial court certifies the appeal is

not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Thus, a claim is frivolous and not brought in good faith if it is "'without arguable merit either in law or fact.'" Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a certificate of appealability is issued. Pursuant to Rule 11 of the Rules Governing Section 2255 cases, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a certificate of appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In order to obtain a certificate of appealability, a petitioner must show "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing

the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Based on the above analysis of Coleman's failure to comply with this Court's Orders or respond to the Motion to Dismiss and applying the Certificate of Appealability standards set forth above, there are no discernable issues worthy of a certificate of appealability; therefore, the Court should **DENY** the issuance of a Certificate of Appealability. If the Court adopts this recommendation and denies Coleman a Certificate of Appealability, Coleman is advised he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Cases in the United States District Courts. Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, the Court should likewise **DENY** *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **GRANT as unopposed** Respondent's Motion to Dismiss, **DISMISS without prejudice** Coleman's 28 U.S.C. § 2255 Motion based on her failure to follow this Court's Orders and to respond to the Motion to Dismiss, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Coleman leave to appeal *in forma pauperis* and a Certificate of Appealability.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file

6

timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); <u>Harrigan v. Metro Dade Police Dep't Station #4</u>, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  <u>Harrigan</u>, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

       Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein.  Objections not meeting the specificity requirement set out above will not be considered by the District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

       **SO REPORTED and RECOMMENDED**, this 17th day of April, 2024.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA